JUAN y JOSÉ FUENTES LEDUC, demandantes y apelantes, *v.* ANTERO APONTE, demandado y apelado.

Núm. 8682. *Resuelto:* Junio 5, 1944.

*Antonio Figueroa Rivera y Santiago Polanco Abréu,* abogados del demandado apelado, peticionario; *Francisco González,* abogado del demandante y apelante.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los demandantes obtuvieron sentencia en este caso por la cantidad de cuatrocientos dólares con intereses legales desde la fecha de radicación de la demanda, más ciento veinticinco dólares estipulados para costas y honorarios de abogado. El demandado radicó dos mociones de reconsideración. Tres días después de haberse denegado la última de ellas, esta corte envió el mandato a la corte de distrito. Dos meses

más tarde el demandado radicó su escrito de apelación y el mismo día solicitó que se ordenase la devolución del mandato y se fijase el importe de la fianza de *supersedeas*.

La práctica de esta corte es no remitir el mandato hasta diez días después de haberse dictado la sentencia, y cuando se ha solicitado reconsideración, se envía tres días después de su denegación.

No conocemos estatuto o reglamento alguno aplicable a una situación como la que está envuelta en el presente caso, en el cual la petición para que se fije el importe de la fianza de supersedeas ha sido radicada después de haberse enviado el mandato a la corte de distrito.

Esta corte repetidamente ha sostenido que después que el mandato ha sido remitido a la corte inferior, pierde la jurisdicción sobre el pleito y carece de facultad para ordenar la devolución del mandato, excepto cuando la remisión de éste ha sido motivada por fraude o error. Sin embargo, en auxilio de una apelación esta corte tiene el poder de ordenar la devolución de su mandato porque al así hacerlo en ninguna forma interviene o altera la sentencia apelada.

La práctica en las cortes de distrito federales arroja luz con respecto a la mejor forma de actuar en el presente caso. La Regla 62 de las Reglas Federales de Procedimiento Civil dispone que, con las excepciones que en la misma se especifica, no se ordenará la ejecución de una sentencia ni se llevará a efecto ningún procedimiento para hacerla cumplir, hasta haber transcurrido diez días desde el registro de dicha sentencia. Entendemos que es la práctica de las referidas cortes, bajo la Regla 62, expedir órdenes de *supersedeas* aún después de haber transcurrido diez días desde el registro de la sentencia, siempre que ésta no haya sido ejecutada. Una vez ejecutada la sentencia, resulta inútil fijar el importe de la fianza de *supersedeas*; pero si se demuestra debidamente que la sentencia no ha sido ejecutada, nos encontraremos entonces exactamente en la misma situación que las

761

cortes de distrito federales cuando han transcurrido los diez días desde el registro de la sentencia sin que ésta haya sido ejecutada.

En el presente caso, han transcurrido más de dos meses desde que el mandato fué enviado a la corte inferior, y el demandado no ha probado que la sentencia no ha sido ejecutada.

*Procede denegar la petición del demandado para que se fije el importe de la fianza de supersedeas y se ordene la devolución del mandato, sin perjuicio de que pueda renovar su petición siempre que demuestre que la sentencia no ha sido todavía ejecutada.*